**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **David Russo,** | ) | **CASE NO.  1:13 CV 2259** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Cuyahoga Community College District,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


<u>**Introduction**</u>

This matter is before the Court upon defendant's Motion for Judgment on the Pleadings (Doc. 5). The issue before this Court is whether plaintiff's negligence claim is barred by political subdivision tort immunity.  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff David Russo filed this Complaint against defendant Tri-County Community College in the Cuyahoga County Common Pleas Court.  Defendant, who notes that its correct name is Cuyahoga Community College District, removed the case to this Court.  Generally, the Complaint alleges that defendant discriminated against plaintiff by terminating his status as a

1

student.  Three claims are alleged.  Count One asserts breach of contract.  Count Two asserts sex discrimination. Count Three asserts negligence.

This matter is now before the Court upon defendant's Motion for Judgment on the Pleadings as to Count Three.

### **Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)):

> The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. The factual allegations must raise a right to relief above the speculative level. In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face.
>
> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Bare allegations without a factual context do not create a plausible claim. A complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. The bare assertion of legal conclusions is not enough to constitute a claim for relief.

 (*Id.*) (internal citations and quotations omitted).

### **Discussion**

Count Three alleges:

26.  The Defendant had a duty at all times to ensure the Plaintiff was being treated fairly based upon his merit, not his sex; to ensure its education program was being run honestly and effectively to teach the Plaintiff adequately as advertised in representations about its nursing program.

27.  The Defendant breached the said duty.

28.  The Defendant's conduct amounts to negligence accompanied by bad faith and malice.  The Plaintiff was damaged as previously averred.

Defendant argues that Count Three is barred by political subdivision tort immunity. It is not disputed that defendant is a political subdivision and that the provision of education is a governmental function.  O.R.C. § 2744.01.  As such, defendant is immune from liability for tort claims unless one of the exceptions set forth in O.R.C. §2744.02(B) applies:

> (1) the negligent operation of a motor vehicle by an employee;
>
> (2) the negligent performance of proprietary functions;
>
> (3) the negligent failure to keep public roads open and in repair;
>
> (4) the negligence of employees occurring within or on the grounds of, and due to physical defects within or on the grounds of, certain buildings used in connection with the performance of governmental functions; or
>
> (5) express imposition of liability by statute.

Plaintiff does not argue that one of the exceptions to immunity applies, but argues that Count Three actually alleges a breach of contract which is not subject to immunity.  For the following reasons, plaintiff's assertion is unavailing.

Count Three alleges negligence, a claim that is barred by political subdivision immunity as explained above.  Even if the Court were to interpret Count Three as a claim for breach of contract, it is duplicative of Count One which expressly alleges breach of contract based on the same allegations and conduct.  Count Three is subject to dismissal in either event.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings is granted.

3

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/14/14